## SIMMONS v. RUST.

1. **Pleading:** AMENDMENT. An application to be allowed to amend a sworn answer by striking out a word which occurred therein, was properly refused by the court. Amendments by erasure or interlineation are prohibited.

2. **Evidence:** RES GESTÆ. In an action by an administrator to recover for the value of property alleged to have been sold the defendant, with whom the intestate lived at the time of such alleged sale, and at whose house he died, evidence tending to show the amount and value of intestate's property at the time he went to reside with defendant, was *held* to have been properly admitted.

*Appeal from Clinton Circuit Court.*

WEDNESDAY, SEPTEMBER 23.

THIS action is brought upon five promissory notes made by the defendants to Henry Rust, Sr., now deceased, the plaintiff's intestate, on the 9th of February, 1861, for two hundred dollars each, payable on February 1, 1862–3–4–5–6, respectively, and secured by a chattel mortgage. The plaintiff avers that the notes were in the possession of his intestate at the time of his death, which occurred at the defendant's residence, and then they came to defendant's possession, and hence no

copies can be given. By amended petitions the plaintiff added counts for $2,000 for the work and labor of his intestate for thirteen years, and for $3,000 for various items of personal property sold and delivered by the intestate to defendants between 1856 and 1869. By the action of the court, to which no exception is taken, these two counts, and also the note first maturing, are not involved in this appeal. The pleadings are all verified.

The defendants, for answer, admit that plaintiff is administrator, and that they executed the notes and mortgage; they deny that they are indebted on the notes or otherwise, or that they came to their possession upon the death of plaintiff's intestate. The defendants, for further answer, aver that at a former time they had executed a mortgage upon real estate in order to secure the maintenance of the said Henry Rust, Sr., and that the notes and mortgage sued on were executed in lieu of, and upon the surrender of that, and for the same purpose, and the same were to be void upon the defendants furnishing support and care for said Henry Rust, Sr., which they had done; and that said notes were paid and satisfied, and surrendered to defendants.

There was a jury trial resulting in a verdict and judgment for plaintiff for eight hundred dollars. The defendants appeal. The further facts necessary to show the points decided are set forth in the opinion.

*Corning & Grohe*, for appellants.

*I. Munroe*, for appellee.

COLE, J.—I. After the pleadings were all filed, and the issues were made, the defendants asked leave to amend their first answer, wherein they "admit they executed the notes and mortgage to said Henry Rust, Sr., in his life time," etc., by striking out the word "notes," wherever it appears in said answer. This was refused, and such refusal is assigned as error.

1. PLEADING: amendment.

There was no error under the circumstances. The answer was sworn to, and it also appears from the record that the

court informed the defendants' counsel that if they desired to
deny the execution of the notes, upon information or belief,
or by a direct denial thereof so as to form an issue, they might.
do so, with or without swearing to such amendment, or in any
way amend so as to make an issue upon the execution of the
notes. This offer was declined. The action of the court was
very clearly right. Amendments by erasure or interlineation
are prohibited by Code, § 2692; and even if it was error, there
was no prejudice, because by striking out the admission of
the execution of the notes, it would still leave that allegation
undenied, and from that state of pleading the same conse-
quences follow as from an express admission. Code, § 2712.

II. While all the questions made upon the different counts
of the plaintiff's petition were being tried before the jury, the
2. EVIDENCE: plaintiff was permitted, against the defendant's
res gestæ.   objection, to read the whole of certain depositions,
and to the reading of so much as related to the real estate and
personal property of the deceased at the time he went to live
with the defendants in 1856, the defendants specially objected,
because irrelevant and incompetent. To understand this
question it is proper to state that the defendants are husband
and wife, Henry Rust Sr., was the father of the defendant,
Henry Rust, Jr., and the plaintiff is his brother-in-law, and
the witnesses are his sisters and brothers-in-law. In about
1856 the plaintiff's intestate, who was a farmer, and growing
old and weak, appears to have given up his business into the
hands of his two sons, Henry and Frank, the youngest of his
children, and to have lived with them as a member of their
family. Catharine was at that time the wife of Frank Rust,
who afterwards died, and subsequently she married the
defendant, Henry Rust, Jr. The plaintiff claimed in his
amended petitions for the services of the deceased, and also
for the personal property he had at the time he gave up busi-
ness for himself and went to live with defendants. The
objected testimony related to the personal property, and also
to the real property of the deceased at that time. It was all
properly admitted as showing fully all the facts surrounding
the parties at the time.

III.   The only other point argued by the appellant's counsel is that the verdict is not supported by the evidence.   It is not necessary or proper for us to review and discuss the evidence at length.   We have severally carefully read and examined it all, and are satisfied that the jury were entirely justified in their finding.

AFFIRMED.